IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| DWAYNE EDWARD NASH | § § | |
| V. | § | A-16-CA-487-SS |
| | § § | |
| LORIE DAVIS | § | |

## ORDER ON REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

Before the Court in the above-styled and numbered cause is Petitioner's Petition For Writ of Habeas Corpus By a Person in State Custody. *See* 28 U.S.C. § 2254. Petitioner's petition was referred to the United States Magistrate Judge for findings and recommendations. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72; Loc. R. W. D. Tex. Appx. C. The Magistrate Judge recommended the denial of the petition and the denial of a certificate of appealability. Petitioner objects to the Report and Recommendation.

Specifically, Petitioner objects to the Magistrate Judge's conclusion that there was no *Brady* violation when the prosecution failed to disclose the Burnet County Jail Screening Form. The elements of a *Brady* claim are: (1) the evidence at issue must be favorable to the accused; (2) the evidence must have been suppressed by the State, either willfully or inadvertently; and (3) the evidence must be "material" to the defendant's guilt or punishment. *Banks v. Dretke*, 540 U.S. 668, 691 (2004). The Magistrate Judge concluded that the exercise of reasonable diligence would have made the report available to Petitioner at the time of his trial and, accordingly, the evidence was not "suppressed." The Magistrate Judge further found the information was cumulative to Petitioner's

testimony of his injuries and cumulative to the photographs of Petitioner shown to the jury. The Magistrate Judge concluded, therefore, that Petitioner failed to establish the evidence was material.

Petitioner asserts "the fact that habeas counsel found the Burnet County Jail Screening form in 2015 . . . in no matter demonstrates that this information could have also been found by trial counsel." (DE 12 at 2). This assertion overlooks the fact that the Magistrate Judge's conclusion was premised on the state court's presumably correct finding of fact that "[b]ecause the Burnet County Jail Record documented [Petitioner's] physical condition, something about which [Petitioner] would have known, and because he testified about his physical condition at trial, *[Petitioner] knew the facts underlying the Burnet County Jail Record.*" (DE 9 at 13) (emphasis added). The information was available to trial counsel at the time of trial because his client was aware of the jail's assessment of his physical condition at the time of his detention. Petitioner has not rebutted the state court's factual finding, that the information was not "suppressed" because it was available to the defense by the exercise of due diligence, by clear and convincing evidence.

Petitioner further asserts that this evidence was material, i.e., not cumulative, because the form would have shown that jail personnel knew of the injuries, indicating "objective, documentary evidence of those injuries, as opposed to the testimony at trial which was not as precise or detailed." (DE 12 at 2). However, the other evidence of Petitioner's injuries offered at trial were photos of Petitioner taken only hours after the altercation between Petitioner and the decedent; this evidence was more probative and even more precise than the jail record because the jail record documented the injuries several days after the altercation. Because the Magistrate Judge correctly concluded the jail record did not meet the standard of *Brady v. Maryland*, Petitioner is not entitled to relief on this claim.

2

Petitioner also objects to the Magistrate Judge's conclusion that the state court's denial of Petitioner's ineffective assistance of counsel claims, without conducting an evidentiary hearing, was not an unreasonable application of *Strickland v. Washington*, 466 U.S. 668 (1984). Petitioner asserts his claims that trial counsel failed to investigate potential witnesses, counsel failed to call an expert witness on the "fight or flight" reaction, counsel had a sound trial strategy, and counsel performed adequately at the punishment phase, were not sufficiently developed for either the state habeas court or the Magistrate Judge to recommend denial of relief on these claims. Petitioner maintains he should have been granted an evidentiary hearing in the state court to resolve the alleged conflicts in the affidavits presented by Petitioner and the affidavit presented by trial counsel.

Petitioner asserts, essentially, that numerosity trumps the Supreme Court and Fifth Circuit Court of Appeals' decisions holding the introduction of witnesses' testimony is a strategic decision "virtually unchallengeable" by a federal habeas court.[1] *Strickland*, 563 U.S. at 690; *Cullen v. Pinholster*, 563 U.S. 170, 231 (2011).

Trial counsel's affidavit in the state court habeas proceeding states:

> Eddie Nash's first contention regarding ineffective assistance is "not investigating and presenting witnesses who could have testified regarding the decedent's aggressive behavior towards Eddie Nash and Sue Dowdle." One of the first tasks I began upon representing Eddie Nash was the employment of two defense investigators. . . . Both investigators were tasked with the goal of seeking out and preparing witnesses concerning the decedent's past violence and aggression. Based upon their investigations, *I was prepared to offer evidence as to that past violence*

---

[1] Petitioner argues:
[The] affidavits should have been thoroughly explored at an evidentiary hearing with live questioning and cross examination, rather than the state habeas court's comparison of Petitioner Nash's nine (9) affidavits with trial counsel's scant, conclusory two-page affidavit, and the state habeas court's decision that trial counsel's affidavit should prevail over the nine (9) conflicting affidavits presented by Nash.
(DE 12 at 4).

3

*and aggression. The State of Texas, through Lisa Tanner, filed a motion in limine that was granted by the court, limiting the admission of decedent's past violence and aggression as only known to Eddie Nash, and only upon Eddie Nash testifying at trial. In the guilt/innocence portion of the trial, Sue Dowdle and Eddie Nash were called to testify as to the past aggression and threats made by the decedent towards Eddie Nash. In addition, James Roger Fielder was called as a witness to the decedent's "visceral hatred" of the decedent against Eddie Nash. Sue Dowdle testified that "Coy (the decedent) wants to beat you up again, throw you out of the house". Both Sue Dowdle and Eddie Nash testified about a prior incident at Bob's Bar where the decedent and Eddie Nash had an argument that became physical. They testified as to how the decedent left messages on voice mail, such as "Sharpen your knife, I have mine. I'm coming to get you." Eddie Nash testified as to the threats the decedent made against him, including, "I'm gonna stomp your brains out." The prosecutor, Lisa Tanner, summarized Eddie's testimony as "you just spent two hours telling this jury what a horrible man Coy Dowdle was and how violent he was and how scary he was . . ." In addition, much was made about the difference in size between the [decedent] and Eddie Nash, a smaller man. This testimony is replete throughout the record and directly contradicts Eddie Nash's first contention.*

*The second contention is that there should have been a "fight or flight" expert. The issues of self-defense and "castle doctrine" were thoroughly presented to the jury. Those defenses do not require flight or retreat before someone has the right to defend himself in their home. Because of the nature of the defense, there is no need for any such expert, if they in fact exist.*

(DE 7-11 at 19-20) (emphasis added).

In recommending denial of a state writ of habeas corpus, the trial court found, *inter alia*:

63. Because Applicant's self-defense case was significantly undermined by evidence at trial, even if [the "fight or flight"] testimony restored some credibility to Applicant by explaining his memory loss of the stabbing, there is no reasonable probability of a different result such as to establish prejudice.

(DE 7-13 at 28).

The *Strickland* standard recognizes a strong presumption that counsel rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment. *Bell v. Cone*, 535 U.S. 685, 698 (2002); *Strickland*, 466 U.S. at 690. When considering a state court's application of *Strickland*, this Court's review must be "doubly deferential," to afford "both

4

the state court and the defense attorney the benefit of the doubt." *Woods v. Donald*, 135 S. Ct. 1372, 1376 (2015), *citing Yarborough v. Gentry*, 540 U.S. 1, 6 (2003). Therefore, when evaluating Petitioner's ineffective assistance of counsel claims under the Antiterrorism and Effective Death Penalty Act, the issue before this Court is whether the Texas Court of Criminal Appeals could reasonably have concluded Petitioner's complaints about his counsel's performance failed to satisfy either prong of the *Strickland* analysis. *Schaetzle v. Cockrell*, 343 F.3d 440, 444 (5th Cir. 2003).

The Magistrate Judge applied the correct, extremely deferential standard of review in recommending denial of Petitioner's ineffective assistance of counsel claims. *Harrington v. Richter*, 562 U.S. 86, 102 (2011). "It bears repeating that even a strong case for relief does not mean the state court's contrary conclusion was unreasonable." *Id.* "The *Strickland* standard is a general one, so the range of reasonable applications is substantial." *Id.* at 105. Additionally, Petitioner's rationale regarding the necessity of an evidentiary hearing on Petitioner's *Strickland* claims contradicts the Supreme Court's admonition that a federal habeas court may not "insist counsel confirm every aspect of the strategic basis for his or her actions. There is a 'strong presumption' that counsel's attention to certain issues to the exclusion of others reflects trial tactics rather than 'sheer neglect.'" *Id.* at 109, *quoting Yarborough*, 540 U.S. at 8.

Petitioner also argues he should not be required to show he would have received a significantly lesser sentence but for counsel's deficient conduct, while an applicant challenging his federal sentence only has to show any amount of increased jail time. Petitioner asserts:

> There is no reason for a state habeas defendant to be required to show that he would have received a significantly less harsh sentence but for counsel's deficient conduct at a state court sentencing, while a federal habeas defendant need only show any amount of increased jail time due to deficient conduct by counsel at a federal sentencing.
>
> Petitioner Nash understands that this is the law at present, and raises this objection (if needed) to argue that the standards to show prejudice for ineffective assistance at sentencing should be the same in both state and federal court, and that standard should be "any amount of time"...

(DE 12 at 6). Petitioner acknowledges that the Magistrate Judge applied the correct law, but wishes the law was other than it stands at this time. This Court is not empowered to change federal law and, accordingly, this point of error is without merit.

Finally, Petitioner argues the Magistrate Court erred in not holding an evidentiary hearing. To award Petitioner an evidentiary hearing, "we must find that the state did not provide him with a full and fair hearing and we must be convinced that if proven true, his allegations would entitle him to relief." *Murphy v. Johnson*, 205 F.3d 809, 816 (5th Cir. 2000). A "full and fair" hearing in the state courts does not necessarily require live testimony. *Id.*; *Clark v. Johnson*, 202 F.3d 760, 766 (5th Cir. 2000). Additionally, a district court does not abuse its discretion in denying an evidentiary hearing even when no factual findings were made by the state court, *Murphy*, 205 F.3d at 816, and in this matter, the state habeas trial court made extensive findings of fact and conclusions of law. The state court's findings of fact and conclusions of law demonstrate a complete and thorough review of the record and consideration of Petitioner's counseled pleadings. (DE 7-13 at 32).

Furthermore, if the district court has sufficient facts to "make an informed decision regarding the merits of a claim," it may properly deny the petitioner an evidentiary hearing. *Murphy*, 205 F.3d at 816. In *Schriro v. Landrigan*, 550 U.S. 465, 474 (2007), the Supreme Court explained "[b]ecause the deferential standards prescribed by § 2254 control whether to grant habeas relief, a federal court

6

must take into account those standards in deciding whether an evidentiary hearing is appropriate." In practical effect, this means that when the state-court record "precludes habeas relief" under the limitations of § 2254(d), a district court is "not required to hold an evidentiary hearing." *Id.*

The state habeas court, after considering the pleadings and affidavits before it, provided Petitioner with a full and fair hearing. In evaluating whether the Magistrate Court abused its discretion in denying Petitioner an evidentiary hearing, the Court finds there is no factual dispute which, if resolved in Petitioner's favor, would entitle him to relief. Based upon our review of the record, including all of the affidavits submitted by Petitioner, the Court concludes Petitioner has alleged no fact which if proved, would entitle him to relief on his habeas claims. Accordingly, the Court will not exercise its discretion to order an evidentiary hearing in this matter.

In light of Petitioner's objections to the Report and Recommendation, the Court has undertaken a *de novo* review of the entire case file in this action and finds and concludes that the Report and Recommendation of the United States Magistrate Judge is correct and should be accepted and adopted by the Court for substantially the reasons stated therein.

**IT IS ORDERED** that the Petitioner's Objections are **OVERRULED.**

**IT IS FURTHER ORDERED** that the Report and Recommendation of the United States Magistrate Judge filed in this action is hereby **ACCEPTED AND ADOPTED.**

**IT IS FURTHER ORDERED** that Petitioner's Petition For Writ of Habeas Corpus By a Person in State Custody is **DENIED.**

**IT IS FINALLY ORDERED** that a Certificate of Appealability is **DENIED**.

**SIGNED** this 25th day of August 2017.

                         _____
                         SAM SPARKS
                         UNITED STATES DISTRICT JUDGE